CHARLES A. BURKE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burke v. Commissioner
Docket No. 15684-88
United States Tax Court
T.C. Memo 1992-251; 1992 Tax Ct. Memo LEXIS 277; 63 T.C.M. (CCH) 2892; April 30, 1992, Filed *277 Decisions will be entered under Rule 155. Charles A. Burke, pro se. John Aletta, for respondent. CLAPP
CLAPP
SUPPLEMENTAL MEMORANDUM OPINION CLAPP, Judge: This case is now before us on remand from the United States Court of Appeals for the Second Circuit for further consideration consistent with the Court of Appeals' opinion. , affg. in part, vacating in part, and remanding . The Court of Appeals directs us to remove from the calculation of petitioner's 1984 cash expenditures a disallowed $ 3,875 charitable contribution carryover from a prior year. In our prior opinion, we approved respondent's use of the net bank deposits plus cash expenditure method of determining petitioner's gross receipts. In calculating petitioner's cash expenditures, respondent included all of the deductions claimed on his 1984 income tax return. One of those deductions was for a carryover of a charitable contribution in the amount of $ 3,875, which had been disallowed in a prior year. Obviously, this was not a cash expenditure and should not have been included as such. That item should be removed *278 from gross receipts when making the Rule 155 [1] computation. The Court of Appeals has made note of two claims made for the first time on appeal by petitioner and has left it to our discretion whether to allow petitioner to pursue these claims. Both claims involve the inclusion in bank deposits of amounts which petitioner now alleges were merely transfers from one bank account to another. With due respect to the Court of Appeals, we choose not to exercise our discretion and consider these belated claims of petitioner. See , revg. . It has been the longstanding position of this Court not to reopen cases to receive evidence and consider arguments which could have been presented at the first trial. Both of these belated claims by petitioner would require receiving new evidence *279 in order to determine whether the claims were justified. Petitioner has had his day in court, and the interests of judicial efficiency would not be well served by allowing him another day to present evidence and make arguments which he overlooked the first time around. See ; , vacated and remanded on other grounds . Although petitioner is a pro se taxpayer, we note that he is no neophyte to the court or tax system, and accordingly, we are not inclined to be quite as sympathetic as we might be to a pro se taxpayer who was honestly trying to do the right thing but was just in over his head. Accordingly, we will not exercise our discretion to entertain these claims made for the first time on appeal. The additions to tax under sections 6653(a)(1) and (2) and 6661 will be adjusted in the course of the computation under Rule 155 to reflect the one change in income resulting from the removal of the disallowed $ 3,875 charitable contribution carryover from cash expenditures. The Court of Appeals granted a motion to *280 allow to be added to the record on appeal two notices that petitioner received from respondent regarding the balance due on his 1984 income tax. The Court of Appeals left it to us to determine the effect of these notices. Pursuant to an order of this Court dated February 19, 1992, the parties submitted for our review the notices that were first mentioned by petitioner on appeal. These notices are a request for payment dated October 8, 1990, and a notice of intent to levy dated February 11, 1991. They request payment of the "balance of prior assessments" in the amount of $ 2,864.13 plus interest. We conclude that these notices are irrelevant to and have no bearing on the substantive tax matters presented in this case. Decision will be entered under Rule 155. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code.↩